# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2667

_____

John C. Middleton,

*Petitioner - Appellee,*

v.

Don Roper,

*Respondent - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: July 15, 2014
Filed: July 15, 2014
[Published]

_____

Before WOLLMAN, LOKEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Donald Roper, in his official capacity as superintendent of the Potosi Correctional Center in the State of Missouri, moves to vacate the district court's order staying the execution of John C. Middleton scheduled for 12:01 a.m. on July 16, 2014.

Appellate Case: 14-2667     Page: 1     Date Filed: 07/15/2014 Entry ID: 4175573

On July 14, Middleton filed in the district court a "second-in-time federal habeas corpus petition and supplemental petition to first habeas corpus application," in which he raised four new claims relating to his mental competency to be executed. The claims alleged that the State of Missouri does not provide adequate procedures by which Middleton could raise a claim that he is mentally incompetent to be executed under the Eighth Amendment as interpreted in *Ford v. Wainwright*, 477 U.S. 399 (1986), and *Panetti v. Quarterman*, 551 U.S. 930 (2007). The district court, apparently treating the petition as raising an Eighth Amendment claim under *Ford*, concluded that Middleton "has made 'a substantial threshold showing of insanity' such that the execution should be stayed until he may receive a hearing on his claim under *Ford* that he is not competent to be executed." R. Doc. 135, at 1.

The district court rejected the State's contention that Middleton failed to exhaust his state remedies in Missouri courts, and that the federal court should have dismissed the claims on that basis. *See* 28 U.S.C. § 2254(b)(1). The district court reasoned that Middleton "has fulfilled the exhaustion requirement because there is no adequate state remedy available to him." R. Doc. 135, at 8.

We state our conclusions briefly because of the exigency of time. We conclude that Middleton failed to exhaust his present *Ford* claim in the Missouri courts, and that it is incorrect for the federal courts to presume that the Supreme Court of Missouri does not provide an adequate remedy to comply with the Eighth Amendment and the Supreme Court's procedural directives in *Panetti*. Missouri Supreme Court Rule 91 governing habeas corpus provides that a person under a sentence of death may file a petition for habeas corpus in the Supreme Court of Missouri in the first instance. *See* Mo. Sup. Ct. R. 91.02(b). The state supreme court has demonstrated that it can receive and consider evidence in an original proceeding under Rule 91.02. *See State ex rel. Amrine v. Roper*, 102 S.W.3d 541 (Mo. 2003) (granting habeas relief based on a showing of actual innocence). Rule 68.03 provides that an appellate court may appoint a "master" in any pending action to receive

-2-

evidence, make findings of fact and conclusions of law, and present a report to the appellate court. Mo. Sup. Ct. R. 68.03(d), (f); *see Amrine*, 102 S.W.3d at 550-51 (Benton, J., dissenting) (proposing appointment of a master to hold a hearing to resolve disputed facts). Rule 84.24, which governs the procedure as to original writs, contemplates that a petitioner in an original action may submit exhibits with a petition, and that a master may hear evidence and produce a report. Mo. Sup. Ct. R. 84.24(g), (h).

The district court, citing *State ex rel. Simmons v. White*, 866 S.W.2d 443 (Mo. 1993), concluded that an original habeas corpus action under Rule 91 may be used in only "a very limited category of cases." R. Doc. 135, at 7. *Simmons* said that proceedings under Rule 91 are limited to determining "the facial validity of confinement," and listed—by way of "example"—decisions on bail, whether a prisoner is confined past the expiration of sentence, whether a parole revocation was accomplished pursuant to proper procedures, whether an individual is held in custody without any authority, and jurisdictional issues. *Id*. at 445 & n.3. *Simmons* did not mention *Ford* hearings, and the district court noted that the Missouri statute regarding competency hearings applies only when the Director of the Department of Corrections initiates a proceeding. *See* Mo. Rev. Stat. § 552.060.2.

*Simmons*, however, was decided long before the Supreme Court in *Panetti* elaborated on the nature of the process that a State must provide to a prisoner who claims that he is not mentally competent to be executed. The Missouri statute regarding competency hearings, while limited by its terms to inquiries initiated by the department of corrections, also states that "[n]othing in this chapter shall be construed to limit . . . any court in the exercise of any of their powers in any other manner under the law or Constitution of Missouri." Mo. Rev. Stat. § 552.060.5. It is improper for a federal court to presume that the Supreme Court of Missouri would refuse to adapt its procedures under Rules 91, 84.24, and 68.03, or other available mechanisms, to conform to the Constitution of the United States as interpreted by the Supreme Court

of the United States in *Ford* and *Panetti*. Indeed, this court in *Franklin v. Luebbers*, No. 13-3506 (8th Cir. Nov. 19, 2013), made the opposite presumption, applying 28 U.S.C. § 2254(d) and the standard applicable to claims "adjudicated on the merits in State court proceedings" when considering the Supreme Court of Missouri's summary denial of a *Ford* claim. *See Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011).

Middleton has not presented his present *Ford* claim to the Supreme Court of Missouri or attempted to invoke the procedures that are available under state law. The Missouri court has had no opportunity to consider the claim addressed by the district court or to apply the available Missouri procedures to Middleton's present allegation of incompetency to be executed.[*]

For these reasons, we conclude that the district court abused its discretion by staying Middleton's execution for the purpose of holding a hearing on a *Ford* claim that was never presented to the Missouri state courts. The stay of execution entered on July 15, 2014, is vacated.

_____

_____

[*]On July 7, 2014, Middleton filed a "motion for stay of execution and appointment of special master to conduct hearing on incompetency" in the Supreme Court of Missouri. *See* R. Doc. 130-13 (Motion for Stay & Appointment of Special Master, *State v. Middleton*, No. SC80043 (Mo. July 7, 2014)). The motion cited *Ford* and *Panetti*, and alluded to the prospect of a future claim of incompetency to be executed, but did not assert a substantial threshold showing under *Ford* or submit the "preliminary opinion" of Dr. William S. Logan on which the district court relied in granting a stay of execution. *See* R. Doc. 135, at 3. The July 7 motion in state court, like Middleton's subsequent action in the federal district court under 42 U.S.C. § 1983, *see* Amended Compl., *Middleton v. Steele*, No. 4:14CV1217 (E.D. Mo. July 14, 2014), ECF No. 17, alleged that the Missouri Department of Corrections violated the Due Process Clause by impeding Middleton's ability to develop a substantial threshold showing under *Ford*. The state court and the district court both dismissed these claims. *See* R. Doc. 130-16 (*State v. Middleton*, No. SC80043 (Mo. July 10, 2014)); *Middleton v. Steele*, No. 4:14CV1217 (E.D. Mo. July 14, 2014).

Appellate Case: 14-2667     Page: 4     Date Filed: 07/15/2014 Entry ID: 4175573