# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2677
_____

John C. Middleton,

*Petitioner - Appellee,*

v.

Don Roper,

*Respondent - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: July 16, 2014
Filed: July 16, 2014
[Published]

_____

Before WOLLMAN, LOKEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Donald Roper, in his official capacity as superintendent of the Potosi Correctional Center in the State of Missouri, moves to vacate an order of the district court, R. Doc. 141, entered late in the evening on July 15, 2014, staying the execution

of John C. Middleton scheduled for today, July 16, 2014. For the reasons that follow, we order the stay vacated, effective at 6:00 p.m. Central Time on July 16, 2014.

As we recounted in an opinion filed yesterday, Middleton filed in the district court on July 14 a "second-in-time federal habeas corpus petition and supplemental petition to first habeas corpus application," in which he raised four new claims relating to his mental competency to be executed. The claims alleged that the State of Missouri does not provide adequate procedures by which Middleton could raise a claim that he is mentally incompetent to be executed under the Eighth Amendment as interpreted in *Ford v. Wainwright*, 477 U.S. 399 (1986), and *Panetti v. Quarterman*, 551 U.S. 930 (2007). The district court, apparently treating the petition as raising an Eighth Amendment claim under *Ford*, concluded that Middleton "has made 'a substantial threshold showing of insanity' such that the execution should be stayed until he may receive a hearing on his claim under *Ford* that he is not competent to be executed." R. Doc. 135, at 1.

This court vacated the stay of execution, concluding that Middleton had not shown that he exhausted the remedies available in the courts of Missouri. We ruled that "the district court abused its discretion by staying Middleton's execution for the purpose of holding a hearing on a *Ford* claim that was never presented to the Missouri state courts." *Middleton v. Roper*, No. 14-2667, slip op. 4 (8th Cir. July 15, 2014).

Rather than present a *Ford* claim to the Supreme Court of Missouri in the wake of our decision, Middleton returned to the district court late on July 15. Citing *Rhines v. Weber*, 544 U.S. 269 (2005), Middleton moved the district court to stay the federal habeas petition and hold it in abeyance while he exhausted remedies available in the Missouri courts. He also moved the district court to stay the execution while he exhausted state remedies.

The district court granted the motion. The court concluded that an evaluation of factors discussed in *Rhines* made it appropriate to stay and abey the habeas petition so that Middleton may present his *Ford* claim to the Missouri courts. The court also determined that Middleton met the standards of *Hill v. McDonough*, 547 U.S. 573 (2006), for a stay of execution. The court reasoned that Middleton showed a significant possibility of success on the merits because he made a significant threshold showing that he is incompetent to be executed and was entitled to a hearing on his claim under *Ford*. The court also thought Middleton acted with reasonable diligence to present a *Ford* claim, showed good cause for not exhausting the claim before the Missouri courts, and did not intentionally delay for tactical reasons.

The district court's stay of execution is injunctive in nature. This court therefore has jurisdiction to consider the State's motion to vacate the stay pursuant to 28 U.S.C. § 1291 or the All Writs Act, 28 U.S.C. § 1651. *See Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998).

We conclude that the district court abused its discretion in granting an indefinite stay of execution, because Middleton has not shown a substantial likelihood of success on the merits of his federal habeas petition. As we said yesterday, Middleton has not presented his current *Ford* claim to the Missouri courts. An application for a writ of habeas corpus "shall not be granted" unless it appears that the petitioner has exhausted the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A). Whether or not the district court had authority to invoke the stay-and-abeyance procedure of *Rhines*, *cf. Green v. Thaler*, 699 F.3d 404, 420 (5th Cir. 2012), there was insufficient basis to conclude that Middleton has shown a likelihood of success on a claim that federal law says "shall not be granted" in its current posture.

The Missouri courts are the proper forum in the first instance for Middleton's claim of incompetency to be executed. The likelihood of success of a *Ford* claim in

a federal habeas petition depends on how the Missouri courts dispose of such a claim. *See* 28 U.S.C. § 2254(d); *Panetti*, 551 U.S. at 948. Middleton thus far has declined, perhaps for tactical reasons in light of § 2254(d), to advance a *Ford* claim before the Supreme Court of Missouri. But that is where the claim must be presented in the first instance. Whatever might be said about possible justifications for Middleton's failure to bring a *Ford* claim until fewer than 48 hours before the scheduled execution, there is no reason why Middleton cannot present a *Ford* claim and a motion for stay of execution to the Missouri courts in light of this court's decision of July 15.

For these reasons, this court orders that the stay of execution entered by the district court, R. Doc. 141, is vacated, effective at 6:00 p.m. Central Time on July 16, 2014. Any petition for rehearing must be filed by 12:00 noon on July 16, 2014.

_____