PER CURIAM.
On May 30, 2014, this Court issued its order setting inmate John C. Middleton’s execution for July 16, 2014. As the Eighth Circuit Court of Appeals held in its opinion dated July 15, 2014, if Middleton believes that he is incompetent to be executed and that his execution would violate the Eighth Amendment, he is required to present that claim to this Court before asserting it in the federal courts. Middleton v. Roper, No. 14-2667, 759 F.3d 831, 2014 WL 3454230 (July 15, 2014). A petition for a writ of habeas corpus under Rule 91 is a proper means of asserting such a claim in this Court and has been used by inmates facing execution in the past. It was not until July 16, however, after his execution was scheduled to occur, that Middleton asserted his Eighth Amendment claim in this Court for the first time. After careful consideration of Middleton’s petition for habeas corpus and the exhibits thereto, this Court denies that petition on the merits for the reasons set forth below.
Last week, Middleton filed a motion in this Court seeking a stay of execution and the appointment of a master to gather evidence and make findings regarding whether Middleton is competent to be executed. Though Middleton suggested he may assert an Eighth Amendment claim at some point in the future, Middleton carefully avoided doing so at that time. In support of that motion, however, Middleton offered virtually all of the same evidence on which he now relies in his petition for a writ of habeas corpus. Included in his motion last week was a letter from Middleton’s forensic psychiatrist, Dr. Lo *84 gan. That letter, dated July 2, 2014, includes the following:
Over time he [Middleton] has developed certain beliefs about his charges and the resulting legal proceedings that are distorted by this paranoia, and may now be indicative of a psychotic delusional disorder. I am exploring whether these beliefs now could significantly color his perception / or relational understanding of his execution.
Plainly, this stops far short of opining that Middleton is suffering from “gross delusions preventing him from comprehending the meaning and purpose of the punishment to which he has been sentenced.” Panetti v. Quarterman, 551 U.S. 930, 960, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007). See also Ford. v. Wainwright, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986).
In his habeas petition now before the Court, Middleton offers much the same evidence that the Court considered in denying his motion for a stay of execution last week. There is one notable addition, however. Rather than continue to rely on the equivocal statements in Dr. Logan’s July 2 letter, Middleton now offers a sworn statement from Dr. Logan dated July 14. In this statement, Dr. Logan lists all the information on which he bases the opinions set forth in that statement, including his single encounter with Middleton that occurred on June 16. In stating those opinions, however, Dr. Logan does not state or suggest that he did not have all of this same information when he wrote his July 2 letter, or explain why he was unable to state the opinions he now offers in that letter.
In his July 14 statement, Dr. Logan states:
With regard to his scheduled execution, while Mr. Middleton can recite the reason it was imposed, he in fact believes his conviction was the result of a conspiracy which included his associates, law enforcement, the courts, prosecutors and his defense attorneys. Furthermore, he shows little to no emotional reaction to his impending execution date but instead believes he will not die while incarcerated but will be cleared on the charges and return to the community. In conclusion, it is my preliminary opinion (preliminary in the sense that additional materials and, critically, input from MDOC staff directly familiar with Mr. Middleton, may be available for review and consultation) that Mr. Middleton lacks a rational understanding of the reason for his execution and is therefore not competent to be executed due to a diagnosis of delusional disorder, a psychotic mental illness.
The Court concludes that this evidence — by itself and in conjunction with the other evidence offered in support of Middleton’s petition — does not constitute the substantial threshold showing of incompetence required by Panetti and Ford before he is entitled to a full hearing to determine his competence.
First, Dr. Logan opines that Middleton is delusional because he “believes his conviction was the result of a conspiracy which included his associates, law enforcement, the courts, prosecutors and his defense attorneys.” This analysis does not account for the fact that Middleton’s lawyers have raised a series of claims asserting that Middleton’s trial and appellate counsel were ineffective and that he is an innocent victim of over-zealous prosecutors and illicit “secret deals” between law enforcement officers and prosecution witnesses. That Middleton is now persuaded as to the legitimacy of these claims (despite their having failed to convince any state or federal court) does not make Middleton delusional in the way that renders *85 him incompetent to be executed under the Eighth Amendment.
Dr. Logan’s other basis for his opinion is that Middleton “shows little to no emotional reaction to his impending execution date but instead believes he will not die while incarcerated but will be cleared on the charges and return to the community.” Even though Middleton’s optimism may be misplaced, even illogical, it hardly constitutes proof that he is delusional under Panetti and Ford in light of the fact that Middleton has faced three or more execution dates since his conviction nearly 20 years ago and has received a stay each time. Moreover, it does not constitute the sort of delusion that Panetti and Ford declare renders an inmate incompetent to be executed under the Eighth Amendment.
The opinion offered by Dr. Logan, and the other arguments asserted by Middleton, misperceive the Supreme Court’s decisions in Ford and Panetti. There was no question that the inmate in Panetti made a sufficient threshold showing of incompetence. Panetti, 551 U.S. at 948, 127 S.Ct. 2842. That showing included “pointed observations made by two experts the day before petitioner’s scheduled execution ... [and] references to the extensive evidence of mental dysfunction considered in earlier legal proceedings.” Id. at 950, 127 S.Ct. 2842.
In Panetti, the Supreme Court explains that the gravamen of an Eighth Amendment incompetence claim is not that an inmate is delusional, but that the inmate suffers from some “mental illness that is the source of gross delusions preventing him from comprehending the meaning and purpose of the punishment to which he has been sentenced.” Id. at 960, 127 S.Ct. 2842 (emphasis added). The delusions must be such that “they so impair the prisoner’s concept of reality that he cannot reach a rational understanding of the reason for the execution.” Id. at 958, 127 S.Ct. 2842.
In Panetti, the inmate had a “genuine delusion involving his understanding of the reason for his execution .... [that] recast petitioner’s execution as ‘part of spiritual warfare ... between the demons and the forces of the darkness and God and the angels and the forces of light.’ ” Id. at 954, 127 S.Ct. 2842 (citations omitted). As a result, even though “petitioner claims to understand ‘that the state is saying that [it wishes] to execute him for [his] murder[s],’ he believes in earnest that the stated reason is a ‘sham’ and the State in truth wants to execute him ‘to stop him from preaching.’” Id. at 954-55, 127 S.Ct. 2842 (emphasis added).
Nothing in Dr. Logan’s statement, or in the other proof submitted with Middleton’s petition, even approaches a substantial threshold showing that Middleton suffers from such delusions. Instead, at most, they show that Middleton is delusional as to his innocence and his chances of escaping execution. Middleton plainly understands he is to be executed as punishment because he was found guilty of murdering his three victims; he simply believes he should not have been convicted. Nothing in Panetti or Ford suggests that an inmate is incompetent to be executed only if he both understands why he is being executed and agrees that the sentence is justified. Instead, the Court in Panetti stated:
The mental state requisite for competence to suffer capital punishment neither presumes nor requires a person who would be considered “normal,” or even “rational,” in a layperson’s understanding of those terms. Someone who is condemned to death for an atrocious murder may be so callous as to be unrepentant; so self-centered and devoid of compassion as to lack all sense of guilt; *86 so adept in transferring blame to others as to be considered, at least in the colloquial sense, to be out of touch with reality. Those states of mind, even if extreme compared to the criminal population at large, are not what petitioner contends lie at the threshold of a competence inquiry. The beginning of doubt about competence in a case like petitioner’s is not a misanthropic personality or an amoral character. It is a psychotic disorder.
Id. at 959-60, 127 S.Ct. 2842 (emphasis added).
Accordingly, this Court denies Middleton’s petition for a writ of habeas corpus on the merits because he has failed to make a substantial threshold showing that he lacks the competence to be executed that the Eighth Amendment demands.
In making the foregoing determination, the Court has considered and rejected Middleton’s contention that this Court has no authority to decide for itself whether his petition makes a substantial threshold showing of incompetence and, instead, is bound by the previous determination of the United States District Court on this issue. This argument ignores the requirement that Middleton must raise his claim in this Court before attempting to assert it in the federal courts, as the Eighth Circuit Court of Appeals explained in its July 15 decision vacating the first of two stays granted on that date by the District Court. Today, in an opinion vacating the District Court’s second stay,[1] the Eighth Circuit again held:
The Missouri courts are the proper forum in the first instance for Middleton’s claim of incompetency to be executed.... Middleton thus far has declined, perhaps for tactical reasons in light of § 2254(d) [which establishes the degree of deference federal courts must afford state court findings of fact and legal conclusions], to advance a Ford claim before the Supreme Court of Missouri. But that is where the claim must be presented in the first instance. Whatever might be said about possible justifications for Middleton’s failure to bring a Ford claim until fewer than 48 hours before the scheduled execution, there is no reason why Middleton cannot present a Ford claim and a motion for stay of execution to the Missouri courts in light of this court’s decision of July 15.
Middleton v. Roper, No. 14-2677, 759 F.3d 831, 2014 WL 3512499 (July 16, 2014).
This means that it is for this Court to decide whether Middleton has made a sufficient threshold showing of incompetence in the first instance. Notwithstanding its respect for the District Court, this Court is not bound by that court’s premature determination of that issue in a case that the *87 Eighth Circuit has ruled (twice) was not properly before it.
RUSSELL, C.J., BRECKENRIDGE, FISCHER and WILSON, JJ., concur.
DRAPER, J., dissents in separate opinion filed; STITH and TEITELMAN, JJ., concur in opinion of DRAPER, J.

. This second stay was for the stated purpose of giving Middleton time to raise his Eighth Amendment incompetence claim in this Court. Respectfully, this Court does not believe that such a stay was necessary. As both parties knew (and is always the case in these circumstances), this Court stood ready to review any claim that Middleton might assert during the evening before his execution date, including any requests for a stay that Middleton might think are needed because he filed his claims so close to the execution date that the Court may not have sufficient time to consider it. Moreover, the argument that Middleton was not able to prepare and present his Eighth Amendment competency claim to this Court any earlier during the six weeks since his execution date was set on May 30 is not tenable given that Dr. Logan was able to meet with Middleton — for the first and only time — on June 16, more than four weeks ago. Middleton not only had time to file his Eighth Amendment incompetence claim in the wrong court (twice) over the last week or two, but he also had time to file a motion in this Court that referred to and attempted to prove — but steadfastly refused to assert — precisely that claim.