# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3764
_____

Paul T. Goodwin

*Petitioner - Appellant*

v.

Troy Steele

*Respondent - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: December 9, 2014
Filed: December 9, 2014
[Published]
_____

Before MURPHY, COLLOTON, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Paul Goodwin, who is scheduled to be executed tomorrow, has filed another application for a certificate of appealability, this time with respect to his claim that he is incompetent under *Ford v. Wainwright*, 477 U.S. 399 (1986). Goodwin first filed this claim in the Supreme Court of Missouri under Rule 91 via a petition for a writ of habeas corpus. After the Supreme Court of Missouri denied his petition,

Goodwin raised his *Ford* claim with the district court in a third petition under 28 U.S.C. § 2254. The district court denied Goodwin's petition and declined to grant a certificate of appealability, prompting Goodwin to file the present application for a certificate of appealability. Having carefully considered Goodwin's application, we conclude that Goodwin has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). We therefore deny his application and deny the related motion for stay.

The threshold question is whether Goodwin's *Ford* claim was adjudicated on the merits by the Missouri Supreme Court such that it is entitled to deference. *See* 28 U.S.C. § 2254(d); *Dansby v. Hobbs*, 766 F.3d 809, 818 (8th Cir. 2014). Although the Supreme Court of Missouri provided no explanation in its summary denial of Goodwin's state petition, we can presume that the court adjudicated his *Ford* claim on the merits. *See Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."). This presumption is proper because Goodwin squarely presented his *Ford* claim to the Supreme Court of Missouri under Rule 91, which is a proper vehicle for adjudicating the merits of a *Ford* claim. *State ex rel. Middleton v. Russell*, 435 S.W.3d 83, 83 (Mo. 2014) (per curiam). Moreover, Goodwin has offered no argument to overcome this presumption. *See Harrington*, 131 S. Ct. at 785 ("The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely.").

Consequently, in order for Goodwin to merit habeas relief, the Missouri Supreme Court's adjudication of his *Ford* claim must have: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;"

or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Beginning with § 2254(d)(1), *Ford* requires Goodwin to make a "requisite preliminary showing that his current mental state would bar his execution" in order to receive "an adjudication to determine his condition." *Panetti v. Quarterman*, 551 U.S. 930, 934-35 (2007). The Supreme Court of Missouri recently interpreted this threshold showing to require Goodwin to offer evidence that he is "suffering from 'gross delusions preventing him from comprehending the meaning and purpose of the punishment to which he has been sentenced.'" *Middleton*, 435 S.W.3d at 84 (quoting *Panetti*, 551 U.S. at 960). This reading of *Ford* and *Panetti* is not contrary to and does not involve an unreasonable application of clearly established law as determined by the Supreme Court. *See Panetti*, 551 U.S. at 957 ("[T]oday, no less than before, we may seriously question the retributive value of executing a person *who has no comprehension of why he has been singled out and stripped of his fundamental right to life*." (alteration in original) (emphasis added) (quoting *Ford*, 477 U.S. at 409)).

Nor was the adjudication of Goodwin's petition by the Missouri Supreme Court based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). In support of his petition filed in state court, Goodwin offered a report prepared by Dr. Robert Hanlon. In this report, Dr. Hanlon opined that Goodwin could not understand "matters in extenuation, arguments for executive clemency or reasons why the sentence should not be carried out." However, Dr. Hanlon also concluded that, in his opinion, "Paul Goodwin *has the mental capacity to understand the nature and purpose of the punishment about to be imposed upon him*"—a conclusion that Goodwin conceded in his state petition. In light of Dr. Hanlon's conclusion about Goodwin's understanding of the nature and purpose of his impending punishment, the Missouri Supreme Court's denial of Goodwin's petition was not based upon an unreasonable determination of the facts.

-3-

Because Goodwin has not made a substantial showing of the denial of a constitutional right, we deny Goodwin's application for a certificate of appealability. We also deny his related motion to stay.

MURPHY, J., writing separately.

Without joining in the court's summary account of previous rulings in this case, I agree that at this point Goodwin has not raised a viable claim for a certificate of appealability.

———————————————